IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MATTHEW M. BAUER,

    Plaintiff,

vs.                                                                                          Civ -03-732 JC/RLP

OFFICER CHRISTOPHER CHASE,
individually an din his official capacity
as a police office for the
ALBUQUERQUE POLICE DEPARTMENT,
ALBUQUERQUE, NEW MEXICO,

    Defendant.

### MEMORANDUM OPINION AND ORDER
### GRANTING PLAINTIFF'S MOTION TO COMPEL [Doc. No. 50]
### and
### DENYING DEFENDANT CITY'S MOTION FOR PROTECTIVE ORDER

**THIS MATTER** comes before the court on Plaintiff's Motion to Compel production of Defendant Christopher Chase's internal affairs files. Defendant City of Albuquerque ("City" herein) produced a portion of the requested documents. Other documents, for which privilege has been claimed,[1] are identified in a privilege log prepared by the City. The City agrees to produce these documents in their entirety without *in camera* review, provided that a Protective Order be entered which limits access to these documents to the parties to this litigation. Plaintiff objects to this limitation, stating that he intends to share this information with other clients in yet unfiled litigation involving claims against Defendant

---

[1] In its Privilege Log, the City asserts (1) Officer's right to privacy and (5) self-critical analysis privilege or official information privilege. In its Memorandum, the City asserts privacy rights of police officers and citizens, and the City's concerns for confidentiality. These privacy and confidentiality concerns were previously raised in the City's Motion to Quash Subpoena or for Protective Order [Docket No. 24].

Chase, as well as other attorneys who represent clients with claims against Defendant Chase. The Parties have apparently agreed to redact specific confidential information, such as social security numbers, from the materials.

Plaintiff seeks compensatory and allowable punitive damages from Defendant Chase and the City for alleged use of excessive force. Plaintiff is entitled to discover Defendant Chase's internal affairs files which evidence conduct similar to that alleged in this suit. *Stewart v. Rouse*, 1998 WL 381975 (N.D. Ill. 1998) *1 (collecting cases) (Generally, §1983 plaintiffs who claim punitive damages are allowed discovery of internal affairs files when those files contain similar instances of conduct that are not to remote in time). Defendant has provided no facts or compelling argument indicating that the privacy interests of non-party citizens would be compromised by disclosure of Defendant Chase's internal affairs file. In addition, law enforcement personnel have no privacy interest in records relating solely to their work as law enforcement officers, although they may have a privacy interest in their own personnel files. *See e.g., Denver Policemen's Protective Ass'n v. Lichtenstein* 660 F.2d 432, 435 (10th Cir. 1981).

To the extent the City has agreed to essentially waive its claim to "self-evaluation privilege" in this suit, I see no reason why Plaintiff should be restricted in his use or dissemination of these records.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel is Granted. Defendant City shall produce Defendant Chase's Internal Affairs file. The City may redact identifying information form those files (such as social security numbers) as previously agreed by the Parties.

**IT IS FURTHER ORDERED** that Defendant City's Motion for Protective Order is denied.

**IT IS FURTHER ORDERED** that Plaintiff's requests for an award of costs will be taken under advisement.

**IT IS SO ORDERED.**

                                        Richard L. Puglisi
                                        United States Magistrate Judge